**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| LINCOLN NATIONAL LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 1:04-CV-396 TS |
| TRANSAMERICA FINANCIAL LIFE INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

**OPINION AND ORDER**

**A.     Background**

On October 22, 2004, the Plaintiff, Lincoln Life Insurance Company, sued the Defendant,

Transamerica Financial Life Insurance Company, for infringing its U.S. Patent No. 6,611,815

('815 Patent). The Patent relates to a data processing method for administering an annuity

product having guaranteed lifetime payments. The Plaintiff alleges that the Defendant willfully

and deliberately infringed this patent by selling annuities under its Guaranteed Principal Solution

Rider ("GPSR") and 5-for-Life Rider options.

The Defendant answered the Complaint on June 15, 2005, and amended the Answer on

June 27, 2005. At the August 2, 2005, preliminary pretrial conference, the Court approved the

Report of the Parties' Planning Meeting, which set May 15, 2006, as "the last date for the parties

to seek leave of Court to amend the pleadings."

On August 8, 2006, the Plaintiff was issued another patent— U.S. Patent No. 7,089,201

('201 Patent)—relating to a computerized method for administering annuity products. That same

day, the Defendant and its two sister companies, Transamerica Life Insurance Company

("TLIC") and Western Reserve Life Assurance Company of Ohio ("WRL"), filed a declaratory

judgment action in the Northern District of Iowa, seeking a declaration that their GPSR and 5-

for-Life Rider products do not infringe the Plaintiff's rights under the '201 Patent.

Three days later, on August 11, 2006, the Plaintiff moved to amend its Complaint to

include an allegation that, in addition to infringing the '815 Patent, the Defendant also infringed

the '201 Patent by willfully and deliberately selling and offering to sell variable annuities under

its GPSR and 5-for-Life Rider options.[1]

The Defendant responded to the Plaintiff's motion on August 28, 2006. The Plaintiff

replied on September 14, 2006, and contemporaneously moved to amend the Complaint not only

to add a claim for infringement of the '201 Patent, but also to join TLIC and WRL as defendants.

On October 9, 2006, the Defendant objected to the Plaintiff's joining any other defendants and

reiterated its objections to adding a new infringement claim.


**B.      The Parties' Contentions**

The Plaintiff recognizes that the deadline for amending the Complaint has passed and,

that to prevail upon its motion, it must satisfy the mandates of Federal Rules of Civil Procedure

15 and 16. The Plaintiff insists that good cause exists to allow a claim for infringement of the

'201 Patent because the Patent was not issued until after the deadline for amending the

Complaint passed. The Plaintiff submits that adding the claim conforms with Rule 15 as it will

not cause undue delay or make the case too complex or confusing to a jury. The Plaintiff

contends that the claim concerning the '201 Patent should be litigated by this Court, despite the

---

[1]The Plaintiff did not learn about the suit in Iowa until August 14, 2006, when it received the summons.

earlier-filed action for declaratory relief in Iowa.

Likewise, the Plaintiff argues that, under Rule 15(c)(3) and (d), it should be permitted to join TLIC and WRL as defendants. The Plaintiff claims that it mistakenly thought the Defendant and TLIC were one and the same company and asks leave to join TLIC as a means of correcting a misnomer. In addition, the Plaintiff suggests that WRL, as well as TLIC, may be added as defendants because they had notice of the suit within 120 days of it being filed, and the suit arose out of conduct that WRL and TLIC were also engaged in. Thus, the Plaintiff asserts that amended claims against WRL and TLIC would take precedence over the action for declaratory relief in Iowa.

The Defendant objects in all respects to the Plaintiff's motion to amend. The Defendant argues that the '815 and '201 Patents embody two distinct inventions, which should be litigated separately. It also argues that the Plaintiff has not shown that good cause exists to ignore the deadlines set out by the Court. In addition, the Defendant insists that introduction of the '201 Patent would only increase the complexity of an already complex case, confuse the jury, and needlessly delay trial. Finally, the Defendant asserts that, under the first-filed rule, Iowa is the proper forum for litigating any claims related to the '201 Patent.

Similarly, the Defendant opposes the addition of other defendants as untimely and not justified by good cause. It maintains that the Plaintiff offers no reasonable explanation as to why it waited for almost two years to sue WRL and TLIC under the '815 Patent. Further, the Defendant insists that the Plaintiff cannot satisfy the requirements of Rule 15(c)(3) because it was not mistaken about the Defendant's identity. Finally, the Defendant submits that WRL and TLIC did not know, nor have reason to know, that, but for the Plaintiff's misidentification of the

proper defendants, they would have been sued along with the Defendant.

### C.     Legal Standard for Motions to Amend

The parties agree that the Plaintiff's motion to amend pleadings after the amendment deadline has passed may be brought only if it complies with Rule 16(b)(6). That Rule prohibits modification of a pretrial schedule "except upon a showing of a good cause and by leave of the district judge." The "'good cause' standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

If the Plaintiff demonstrates good cause, the Court should allow amendments freely "when justice so requires." Fed. R. Civ. P. 15(a). That is, "in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."—leave should be given. *Foman v. Davis*, 371 U.S. 178, 182 (1962). But "[i]t is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).

Thus, the Court must first consider if the Plaintiff has good cause to amend the pleadings three months after the deadline. If so, the Court will continue to inquire whether the amendment will cause undue delay or undue prejudice to the Defendant, and whether the amendment is futile.

4

**D.      Application of the Standard**

The Court agrees with the Defendant that the amended pleadings would create confusion, excessive delay, undue prejudice, and inefficiency. In addition, the Court finds no good cause to allow joinder of additional defendants two years after the lawsuit commenced. Lastly, the amended pleadings would duplicate the declaratory cause of action in Iowa.

The Plaintiff claims that it could not have added a claim under the '201 Patent before the amendment deadline passed because the patent did not issue until August 8. Although the Court wonders why the Plaintiff did not seek an extension of the May 15 deadline, since it had a pending patent, it accepts the Plaintiff's justification. However, the Plaintiff does not sufficiently explain why it did not attempt to join TLIC and WRL before May 15.

The Plaintiff submits that it did not sue TLIC initially because it thought the Defendant and TLIC were the same entity, and that the Defendant led them to believe such was the case. Moreover, it claims that it did not know that WRL was also selling the products that allegedly infringe its patents. It is difficult for the Court to understand why a party as sophisticated as the Plaintiff would be confused about the Defendant's relation to TLIC. After all, the Plaintiff's own exhibit from Indiana Department of Insurance identifies TLIC and the Defendant as two different entities, domiciled in different states, possessing different mailing addresses. (*See* DE 68, Ex. 10) In addition, the Court finds no adequate explanation in the Plaintiff's briefs why it could not have known before May 15 that WRL, the Defendant's sister company, was selling the same products as the Defendant. These voids are a considerable obstacle for the Plaintiff's showing of good cause to add additional defendants to the lawsuit.

Regardless of the good cause consideration, there is another reason why the Court may

not permit the amendments: they would confuse the case. The interpretation of the '801 Patent

alone has generated over 170 pages in briefs, and the addition of the '201 Patent, which is a

separate invention, would set the case back and complicate litigation that by its nature is already

complicated. Contrary to the Plaintiff's suggestion, including the two claims in one lawsuit

would hinder judicial economy and efficiency. The addition of two more defendants would only

exasperate the situation. Worse yet, the jurors would be the ones who would have to bear the

brunt of the complexities. This situation would cause undue delay that would extend beyond the

delay that appears to be inevitable once discovery begins.

   Moreover, the Plaintiff's attempt to join TLIC and WRL as defendants and to bring the

'201 Patent claim against them is futile. TLIC and WRL, along with the Defendant, sued the

Plaintiff in the northern district of Iowa over the same claim three days before the Plaintiff

introduced the amendment in this case. As such, the Iowa case is first-filed, and the Court defers

to its sister court's earlier jurisdiction over the claim. *Genentech, Inc. v. Eli Lilly and Co.*, 998

F.2d 931, 937 (Fed. Cir. 1993) (citation omitted), *abrogated on other grounds by Wilton v. Seven*

*Falls Co.*, 515 U.S. 277 (1995) ("The general rule favors the forum of the first-filed action,

whether or not it is a declaratory action.").

   The Plaintiff's arguments to the contrary are unconvincing. The Plaintiff maintains that

its motion to amend constitutes a first-filed claim because both the '201 Patent claim and the

additional defendants relate back to the original '815 claim and thus should be treated as though

they were filed on the date of the original pleading. This may be true regarding the '201 Patent,

but not TLIC and WRL. To obtain the benefits of relation back when a new party is named, the

amended pleading must satisfy the elements of Rule 15(c)(3): (1) it must arise out of the same

6

conduct, transaction, or occurrence set forth in the original pleading; and (2) within 120 days the

party named in the amended pleading must have received sufficient notice of the institution of

the action that it will not be prejudiced in maintaining a defense, and has known or should have

known that, but for a mistake in identity it would have been named in the original pleading. *See*

Fed. R. Civ. P. 15(c)(3). Thus, in addition to the same occurrence or transaction requirement,

both fair notice and awareness of mistake in identity must be satisfied before an amended

pleading may relate back under Rule 15(c)(3).

Even if the Court were to construe the Plaintiff's proposed amendments as satisfying the

first part of the test,[2] the Plaintiff's attempt to relate back claims against TLIC and WRL would

fail under the second part. First, the Plaintiff does not even assert that it made a mistake in

WRL's identity, *See Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir. 1993) Because

[plaintiff's] failure to name [defendants] was due to a lack of knowledge as to their identity, and

not a mistake in their names, [plaintiff] was prevented from availing himself of the relation back

doctrine of Rule 15(c)."), and there is no reason to believe that WRL should have known, within

120 days of the lawsuit being filed, that it was the company the Plaintiff intended to sue as well.

As the Defendant points out, WRL had no reason to think that the Plaintiff chose to sue the

Defendant by itself for any but strategic reasons. Similarly, even if the Plaintiff mistakenly

omitted TLIC from the original Complaint, no evidence exists that TLIC knew or should have

known that it was meant to be a target of the suit and would not have been missed but for the

---

[2]At least one court in the Seventh Circuit would disagree with such an assessment. *See Ill. Tool Works, Inc. v. Foster Grant Co., Inc.*, 395 F. Supp. 234, 250–51 (D.C. Ill. 1974) ("Rule 15(c) of the Federal Rules of Civil Procedure states that an amended pleading 'relates back to the date of the original pleading' 'whenever the claim or defense asserted in the amended pleading arose out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.' This rule does not apply here. An alleged infringement of one patent is not the 'same conduct, transaction or occurrence' as the alleged infringement of another patent.").

Plaintiff's mistake in identity.[3] Under the circumstances, TLIC had no reason to question the

Plaintiff's litigation tactics. As a result, the Plaintiff cannot establish that the amended Complaint

should be deemed first-filed in relation to TLIC and WRL.[4]

However, a first-filed case does not automatically foreclose a party from making an

identical claim in a different forum. The Plaintiff could show that there is "sound reason that

would make it unjust or inefficient to continue the first-filed action." *Genentech, Inc.*, 998 F.2d

at 938.

> Such reason may be the convenience and availability of witnesses, or absence of
> jurisdiction over all necessary or desirable parties, or the possibility of
> consolidation with related litigation, or considerations relating to the real party in
> interest. The Court cautioned against "rigid mechanical solution[s]" to questions
> of forum, stressing the importance of conservation of judicial resources and the
> comprehensive disposition of litigation.

*Id.* (citation omitted). Yet, the Plaintiff's reasons fall short. As noted above, consolidating the

'815 and '201 Patents is impracticable, and no issue exists as to the convenience and availability

of witnesses or absence of jurisdiction over all necessary or desirable parties. The Court believes

that justice will be best served if the claims against TLIC and WRL are litigated in the Iowa

district court. The latter point underscores an additional reason for not including the '201 Patent

---

[3]The Plaintiff characterizes its proposed amendment as to the TLIC as correcting a misnomer. That is a wrong characterization. A misnomer involves a correct defendant sued under a wrong name. Here however, the Plaintiff has a correct defendant but wants to add another one as well, which is not an action to correct a misnomer.

[4]In its briefs, the Plaintiff continually draws the Court's attention to the fact that the Iowa case is an action for declaratory relief. The Plaintiff believes that this fact should play a significant role in deciding the proper forum for the proposed claims. However,

> [t]he considerations affecting transfer to or dismissal in favor of another forum do not change
> simply because the first-filed action is a declaratory action. When the declaratory action can
> resolve the various legal relations in dispute and afford relief from the controversy that gave rise to
> the proceeding, and absent sound reason for a change of forum, a first-filed declaratory action is
> entitled to precedence as against a later-filed patent infringement action.

*Genentech, Inc.*, 998 F.2d at 938.

claim in this litigation, even if no other defendants are added. If the Court allowed the Plaintiff to

add another claim, the Plaintiff would be fighting two battles on the '201 Patent, where as only

one fight, in Iowa, suffices. The '201 claim is already pending in an Iowa district court, and

better yet, it involves all the parties the Plaintiff wants to enjoin: the Defendant, TLIC, and

WRL. For these reasons, the Court will deny the Plaintiff's motion to amend in its entirety.

**E.      Order**

The Court denies the Plaintiff's motion for leave to amend Complaint [DE 64].

SO ORDERED on December 18, 2006.

S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT