UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LINCOLN NATIONAL LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO. 1:04-CV-396 TS |
| TRANSAMERICA FINANCIAL LIFE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

**OPINION**

The Plaintiff, Lincoln National Life Insurance Company, requests that the Court consolidate two parallel patent infringement actions involving U.S. Patent No. 6,611,815 (the "'815 Patent"). The first action is the instant one, 1-04-CV-396; the other action is *Lincoln Life Insurance Company v. Transamerica Life Insurance Company and Western Reserve Assurance Company of Ohio*, 1-06-CV-317. Both cases are pending before this Court. The Plaintiff submits that consolidation of the cases is proper under Federal Rule of Civil Procedure 42 because there are common issues of law and fact and consolidation will promote judicial efficiency and economy. The Defendant objects to the motion and argues that the consolidation will complicate the proceedings and prejudice the parties.

**A.  Procedural Background**

The '815 Patent is entitled "A Method and System for Providing Account Values in an Annuity With Life Contingencies." Through both complaints, Lincoln has asserted infringement claims against Defendants Transamerica Financial Life Insurance Company ("TFLIC"),

Transamerica Life Insurance Company ("TLIC") and Western Reserve Assurance Company of Ohio ("WRL") related to the administration of annuity products with certain lifetime guarantees (collectively referred to as "5 for Life"). The *Lincoln v. TFLIC* action was filed on October 21, 2004. The Rule 16 scheduling conference took place on August 2, 2005. TFLIC filed an Amended Answer on June 24, 2005. On August 8, 2006, U.S. Patent No. 7,089,201 (the "'201 Patent") issued to Lincoln. Lincoln filed a motion to add the '201 Patent to the *Lincoln v. TFLIC* matter on August 11, 2006. Lincoln also sought to add TLIC and WRL as parties to the *Lincoln v. TFLIC* matter under the '815 Patent and advised the Court that it had also filed a separate action against TLIC and WRL for infringement of the '815 Patent, in the event leave to amend was not granted. On December 18, 2006, the Court denied Lincoln's motion for leave. At the time the Court entered this Order, Lincoln had not yet deposed representatives of the Defendants.

The second-filed lawsuit was initially assigned to Judge Allen Sharp. Judge Sharp, however, reassigned the *Lincoln v. TLIC & WRL* case to this Court under Local Rule 40.1.[1]

**B.     Undisputed Facts**

The Plaintiff submitted the following facts, which Defendant TFLIC does not dispute:

1. The '815 Patent is the patent-in-suit in both lawsuits.

2. The Defendants in both lawsuits (TFLIC, TLIC and WRL) are sister companies. These three companies are so-called "statutory companies" through which their ultimate parent

---

[1] Rule 40.1 provides that, where two actions involving the "validity or infringement of a patent" are related, the later numbered case should be reassigned and transferred to the Judge presiding over the earlier numbered case. L.R. 40.1(d) & (e).

      corporation Aegon USA is allowed to sell insurance and annuity products.

3. TFLIC, TLIC and WRL are represented by the same counsel, Shuttleworth & Ingersoll, P.L.C.

4. TFLIC, TLIC and WRL all sell and offer to sell annuity products with a 5 for Life guarantee administered through the same computer system that Lincoln alleges infringes the '815 Patent.

5. TFLIC, TLIC and WRL have asserted identical defenses, including noninfringement and invalidity defenses. (*Cf. Lincoln v. TFLIC*, DE 22: Am. Ans. at 4-5 *with Lincoln v. TLIC & WRL*, DE 13: Ans. at 5-6).

6. TFLIC, TLIC and WRL have also affirmatively pled reliance upon advice of counsel to avoid a finding of willful infringement. (*Lincoln v. TFLIC*, De 22: Am. Ans. at 5; *Lincoln v. TLIC & WRL*, De 13: Ans. at 6). TFLIC, TLIC, and WRL are all relying on the same opinion, a February 2, 2004 letter from Attorney Ryan Carter of the Shuttleworth & Ingersoll law firm. Lincoln deposed Attorney Carter on January 23 and 24, 2007.

7. The Defendants' alleged infringing activities are performed by the same individuals under shared service agreements who work for TFLIC, TLIC and WRL. (Ex. 1: Ziegler Dep. at 7-9, 31, 222–23). These employees all operate within the Annuity Products and Services Division ("APS") of the Aegon companies. The APS Division provides accounting, administrative and legal services relating to the statutory companies through which alleged infringing sales of annuity products are recorded. Ronald Ziegler is the President of the APS Division and Vice President of the statutory companies TLIC, TFLIC and WRL, and he oversees the alleged infringing activities. Mr. Ziegler testified

that the same people at the same location using the same Vantage computer system perform the alleged infringing activity on behalf of the Defendants. (*Id.* at 222–23).

8. TFLIC, TLIC and WRL jointly filed a declaratory judgment action against Lincoln in Iowa asserting that they do not infringe Lincoln's '201 Patent. (*See* Cause No. 1:06-CV-110, DE 1). In bringing that action, TFLIC, TLIC and WRL emphasized their privity and commonality by admitting:

> 8. Plaintiffs are in the business of designing, marketing and selling annuity products and other financial products.
>
> * * *
>
> 12. TLIC, WRL and TFLIC all offer annuity products to the consuming public. All of the key personnel charged with the responsibility for the annuity products of each of these companies are located in Cedar Rapids, Iowa. Specifically, the activities conducted in Cedar Rapids regarding the annuity products offered by all three of Plaintiffs include the following:
>
>    A. All of the new product development;
>
>    B. All actuarial design and analysis work;
>
>    C. All product contract documentation creation;
>
>    D. All regulatory filing and other regulatory work;
>
>    E. All legal activity regarding product development and regulatory compliance; and
>
>    F. All administration activity relating to annuity contracts and attached riders.

4

(Ex. 2: D.J. Compl. ¶¶ 8, 12)

**C.     Rule 42 Standard**

>   Motions to consolidate are governed by Rule 42(a):
>
>   When actions involving a common question of law or fact are pending before the court it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). "In applying this rule, courts stress the purpose of joining actions is to promote convenience and judicial economy." *Black v. Hollinger Int'l, Inc.*, 2004 U.S. Dist. LEXIS 22276, at *7 (N.D. Ill. 2004) (citing *Johnson v. Manhattan Railway Co.*, 289 U.S. 479, 496-97 (1973)). Rule 42 is designed to encourage consolidation and is a "managerial device [that] makes possible the streamlined processing of groups of cases, often obviating the need for multiple lawsuits and trials." 8 James W. Moore, et al., Moore's Federal Practice § 42.10, at 42-8 (3rd ed. 2005). The decision to consolidate under Rule 42 is "within the discretion of the trial judge." *Madigan, Inc. v. Goodman*, 57 F.R.D. 512, 514 (N.D. Ill. 1972) (citations omitted).

**D.     Discussion**

In exercising its discretion, the Court will consolidate the two cases before the Court: 1:04-CV-396 and 1:06-CV-317. Having reviewed the record, the Court is satisfied that common questions of law and fact are present in both cases and that consolidation will promote judicial economy and avoid duplicative actions. The Defendants are sister companies who have asserted identical defenses. Moreover, all of the alleged infringing activities are performed by the same individuals under intra-company shared service agreements. As a result, all of the alleged

5

infringing activities take place on one computer system in the same location—Cedar Rapids, Iowa. Moreover, the Court has already construed the '815 Patent claims and holding another Markman hearing would be redundant. It also would be duplicative, expensive, and time consuming to re-depose inventors and the TFLIC representatives (who are also TLIC and WRL representatives). Finally, unlike Defendant TFLIC's motion to Amend the Complaint, the current motion does not seek to introduce new patent claims, so as to make the case overly complicated.

Defendant TFLIC's main concern in consolidating the two cases is that TLIC and WRL will be prejudiced by the July 31, 2007, discovery deadline currently scheduled in this case. Defendant TFLIC is also arguing that its case differs from the case against TLIC and WRL because it sold significantly fewer allegedly infringing life insurance products than TLIC and WRL. Finally, Defendant TFLIC insists that each Defendant deserves a separate trial.

Defendant TFLIC's latter submission does not convince the Court that the parameters of Rule 42 are not met. Its disparity in sales, as compared to TLIC and WRL, relates only to the amount of damages and has no bearing on the issue of infringement. Likewise although the discovery on damages will differ as to each Defendant, the discovery as to the infringement is the same or overlapping. Therefore, although in the interest of justice the Court will have to extend the current discovery deadline, the extension need not be overly long. Moreover, as bifurcated trials are preferred in patent litigation, if necessary, the Court will consider the option of trying each Defendant's case separately. But for now, joint proceedings are the best alternative.

**D.	Order**

For these reasons, the Court grants the Plaintiff's Motion to Consolidate Cases [DE 86] and orders that case number 1-06-CV-317 be consolidated with this case.

SO ORDERED on July 9, 2007.

		 S/ Theresa L. Springmann
		THERESA L. SPRINGMANN
		UNITED STATES DISTRICT COURT